**WOODSTONE LIMITED PARTNERSHIP; LOFTS AT FARMERS MARKET LLC;**

*Plaintiffs,*

*vs.*

**CITY OF SAINT PAUL, MINNESOTA, A MINNESOTA CHARTER CITY; CITY COUNCIL OF THE CITY OF SAINT PAUL; ANGIE WIESE, IN HER OFFICIAL CAPACITY AS THE DIRECTOR OF THE DEPARTMENT OF SAFETY AND INSPECTIONS OF THE CITY OF SAINT PAUL; MAYOR MELVIN CARTER, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF SAINT PAUL; AND JOHN DOE,**

*Defendants.*

**Court File No**. 22-CV-1589 NEB-JFD

**JOINT ANSWER OF DEFENDANTS CITY OF SAINT PAUL, MINNESOTA; CITY COUNCIL OF THE CITY OF SAINT PAUL; ANGIE WIESE; AND MAYOR MELVIN CARTER**

## <u>ANSWER</u>

The Defendants City of Saint Paul, Minnesota, a Minnesota Charter City; City Council of the City of Saint Paul; Angie Wiese, in her official capacity as the Director of the Department of Safety and Inspections of the City of Saint Paul; Mayor Melvin Carter, in his Official Capacity as Mayor of the City of Saint Paul (collectively, "City"), provide these answers to Plaintiffs' *Complaint*. The City denies each and every allegation in the Complaint, except as hereinafter admitted, qualified or otherwise explained. For each numbered-allegation in the *Complaint*, the City:

1.     **Admits** that in November, 2021, the City's electorate voted to approve a rent-stabilization ordinance ("Ordinance") which limits a rent increase to 3% each year, but allows for landlords to obtain an exception to the 3% limit.  City **denies** all other allegations.

2.     Alleges the Ordinance was passed by the voters as an initiative under Saint Paul Charter section 8.04.  City **denies** all other allegations.

3.     City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 3, and therefore denies such allegations.

4.     **Denies** the allegations.

5.     **Denies** the allegations.

6.     **Denies** the allegations.

7.     **Denies** the allegations.

8.     **Denies** the allegations.

9.     **Admits** property owners may apply to the City for a rental-increase above the yearly 3% limit based on a variety of factors, but City **denies** all other allegations.

10.     **Denies** the allegations.

11.     **Admits** that the City has provided an online complaint form, but City denies all other allegations.

12.     **Denies** the allegations.

13.     **Denies** the allegations.

14.     **Denies** the allegations.

## JURISDICTION AND VENUE

15. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 15, and therefore denies such allegations.

16. Paragraph 16 states legal conclusions and questions of law to which no response is necessary. To the extent a response is required, City denies the same.

17. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 17, and therefore denies such allegations.

## THE PARTIES

18. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 18, and therefore denies such allegations.

19. **Denies** the allegations.

20. **Denies** the allegations.

21. **Denies** the allegations.

22. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 22, and therefore denies such allegations.

23. **Denies** the allegations.

24. **Denies** the allegations.

25. **Denies** the allegations.

26. **Admits** the allegations.

27. **Admits** the allegations.

28. **Admits** the allegations.

29. **Admits** the allegations.

30.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 30, and therefore denies such allegations.

## **BACKGROUND**

31.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 31, and therefore denies such allegations.

32.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 32, and therefore denies such allegations.

33.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 33, and therefore denies such allegations.

34.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 34, and therefore denies such allegations.

35.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 35, and therefore denies such allegations.

36.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 36, and therefore denies such allegations.

37.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 37, and therefore denies such allegations.

38.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 38, and therefore denies such allegations.

39.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 39, and therefore denies such allegations.

40. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 40, and therefore denies such allegations.

41. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 41, and therefore denies such allegations.

42. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 42, and therefore denies such allegations.

43. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 43, and therefore denies such allegations.

44. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 44, and therefore denies such allegations.

45. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 45, and therefore denies such allegations.

46. **Denies** the allegations.

47. **Admits** the quoted language is accurate, but **denies** the remaining allegations.

48. **Admits** most of the quoted-language provided by the Plaintiffs but **denies** the parenthetical reading, "[The rent control prohibition]" at the beginning of Plaintiffs' quote. **Admits** Saint Paul is a home rule charter city.

49. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 49, and therefore denies such allegations.

50. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 50, and therefore denies such allegations.

51. **Denies** the allegations.

52. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 52, and therefore denies such allegations.

53. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 53 or the referenced article, and therefore denies such allegations.

54. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 54 or the referenced article, and therefore denies such allegations.

55. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 55 or the referenced article, and therefore denies such allegations.

56. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 56, and therefore denies such allegations.

57. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 57 or the referenced article, and therefore denies such allegations.

58. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 58 or the referenced article, and therefore denies such allegations.

59. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 59 or the referenced article, and therefore denies such allegations.

60. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 60 or the referenced article, and therefore denies such allegations.

61. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 61 or the referenced article, and therefore denies such allegations.

62. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 62, and therefore denies such allegations.

63. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 63, and therefore denies such allegations.

64. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 64, and therefore denies such allegations.

65. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 65, and therefore denies such allegations.

66. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 66, and therefore denies such allegations.

67. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 67, and therefore denies such allegations.

68. **Admits** the allegations in the first sentence of Paragraph 68. As to the second sentence, **admits** the Lofts building was owned and operated by the City of Saint Paul and that the property was exempt from property taxes in the years leading up to the Lofts purchase of the building, but **denies** the remaining allegations.

69.  **Admits** the allegations.

70.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 70, and therefore denies such allegations.

71.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 71, and therefore denies such allegations.

72.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 72, and therefore denies such allegations.

73.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 73, and therefore denies such allegations.

74.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 74, and therefore denies such allegations.

75.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 75, and therefore denies such allegations.

76.  **Admits** the allegations.

77.  **Admits** the allegations.

78.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 78, and therefore denies such allegations.

79.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 79, and therefore denies such allegations.

80.  City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 80, and therefore denies such allegations.

81. Admits the proposed Ordinance was not indexed to inflation and did not include an exemption for new construction, but **denies** the remaining allegations. Further, the proposed Ordinance speaks for itself.

82. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 82, and therefore denies such allegations.

83. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 83 and the referenced article, and therefore denies such allegations.

84. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 84 and the referenced article, and therefore denies such allegations.

85. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 85 and the referenced article, and therefore denies such allegations.

86. **Denies** the allegations.

87. **Admits** that many individuals and organizations provided comments and opinions about the proposed Ordinance, but **denies** all other allegations.

88. **Denies** the allegations.

89. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 89 and the referenced article, and therefore denies such allegations.

90. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 90 and therefore denies such allegations.

91. **Denies** the allegations.

92. **Admits** that many individuals and organizations provided comments and opinions about the proposed Ordinance, but **denies** all other allegations.

93. **Admits** a Saint Paul City Councilmember described the Ordinance as a "very blunt instrument," but **denies** all other allegations.

94. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 94 and therefore denies such allegations.

95. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 95 and therefore denies such allegations.

96. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 96 and the referenced article, and therefore denies such allegations.

97. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 97 and the referenced article, and therefore denies such allegations.

98. **Admits** the allegations.

99. **Admits** that on November 3, 2021 approximately 53% percent of Saint Paul voters approved the Ordinance.

100. **Denies** the allegations.

101. As for the first sentence of Paragraph 101 **admits** that the quoted language is accurate, but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance. **Denies** the second sentence and alleges that the current published version of the Ordinance has been updated.

102. **Admits** that the quoted language is accurate, but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

103. **Admits** that the quoted language is accurate, but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

104. **Admits** the seven factors identified are included in the written Ordinance and that the quoted language is accurate, but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

105. **Admits** that the quoted language is accurate, but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

106. **Admits** that Section 1.5 of the Legislative Code addresses misdemeanors of for violations of the Legislative Code, alleges Section 1.05 speaks for itself and **denies** the allegations to the extent that they are inconsistent with Section 1.05.

107. **Admits** that the quoted language is accurate, but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

108. As to Paragraph 108, the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

109. As to Paragraph 109, the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

110. **Admits** that DSI has provided a complaint form, alleges that the Complaint form speaks for itself, and **denies** all other allegations..

111. **Admits** that DSI has provided a complaint form and alleges that the Complaint form speaks for itself.

112. **Admits** the allegations.

113. **Admits** that the quoted language is accurate, but alleges the form speaks for itself and **denies** the allegations to the extent that they are inconsistent with the form.

114. **Denies** the allegations.

115. **Denies** the allegations.

116. **Denies** the allegations.

117. **Denies** the first sentence of Paragraph 117. As to the second and third sentence, City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained therein or the referenced article, and therefore denies such allegations.

118. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 118 or the referenced article, and therefore denies such allegations.

119. Paragraph 119 contains legal conclusions and other matters that are not susceptible to a responsive pleading. To the extent a response is required, City denies the same.

120. As to the first sentence of Paragraph 120, **admits** the quoted language is accurate. The second sentence contains legal conclusions and other matters that are not susceptible to a responsive pleading. To the extent a response is required, City denies the same.

121. Paragraph 121 contains legal conclusions and other matters that are not susceptible to a responsive pleading. To the extent a response is required, City denies the same.

122. As to the first and second sentences of Paragraph 122, they contain legal conclusions and other matters that are not susceptible to a responsive pleading. To the extent a response is required, City denies the same. As to the third sentence, the City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained therein or the referenced article, and therefore denies the same.

123. **Admits** the allegations.

124. **Denies** the allegations.

125. **Admits** City staff researched factors necessary to implement the Ordinance but **denies** all other allegations.

126. **Admits** the allegations.

127. **Admits** the allegations.

128. **Admits** the allegations.

129. **Admits** the allegations.

130. **Admits** the allegations.

131. **Admits** the allegations.

132. **Admits** the boxed portion is accurately printed and **denies** all other allegations.

133. **Admits** the allegations.

134. **Admits** the allegations.

135. **Admits** the allegations.

136. **Admits** the allegations.

137. **Admits** the allegations.

138. **Admits** the allegations.

139. As to Paragraph 139, the Rules and Ordinance are written materials that speak for themselves and City **denies** the allegations to the extent they are inconsistent with the Ordinance and/or Rules.

140. **Admits** that Exhibit D is a true and correct copy of the MNOI worksheet, but denies the remaining allegations.

141. **Admits** the allegations.

142. **Admits** that the boxed language is accurately printed, but **denies** the remaining allegations.

143. **Denies** the allegations. By way of further answer, as set forth in the boxed areas included in Paragraph 142 of the Complaint, landlords maintain the records and forms.

144. Paragraph 144 contains legal conclusions and other matters that are not susceptible to a responsive pleading. To the extent a response is required, City denies the same.

145. The referenced provisions in the Ordinance speak for themselves and the City **denies** the allegations to the extent that they are inconsistent with the Ordinance.

146. **Admits** the allegations.

147. **Denies** the allegations.

148. **Admits** the quoted language is accurate, alleges the written Rules speak for themselves and **denies** the remaining allegations to the extent they are inconsistent with the Rules.

149. **Admits** the quoted language is accurate, but **denies** the remaining allegations.

150. **Admits** the allegations.

151. **Denies** the allegations.

152. **Admits** the allegations.

153. **Admits** the allegations.

154. **Admits** the allegations.

155. **Denies** the allegations.

156. **Denies** the allegations.

157. **Admits** the quoted language is accurate, but **denies** all other allegations.

158. **Denies** the allegations.

159. **Admits** the allegations.

160. **Admits** the allegations.

161. **Admits** the quoted language is accurate, but **denies** all other allegations.

162. **Admits** the allegations.

163. **Admits** the allegations.

164. **Admits** the allegations.

165. **Admits** the allegations.

166. **Admits** the allegations.

167. **Admits** the allegations.

168. **Admits** the allegations.

169. **Denies** the allegations.

170. **Admits** the allegations.

171. **Admits** the allegations.

172. **Admits** that the Rules address whether rent increases are allowed when the additional tenant is a "spouse, domestic partner, child, grandchild, parent, grandparent, legal guardian of a child, parent of any of the Tenants, other resident children, or caretaker/attendant as required for a reasonable accommodation for a person with a disability," and **denies** the remaining allegations.

173. Admits the Rules address increases and decreases in the number of tenants and includes the term "justified," but **denies** the remaining allegations to the extent they are inconsistent with the Rules. Further, the written Rules speak for themselves.

174. **Alleges** no reapplication is necessary and **denies** all other allegations.

175. **Admits** the Rules state there is a decrease in rental price where "any policy or policies imposed by the Landlord unreasonably prevent the Tenant from maintaining the Base Occupancy Level for that unit[.]" City **denies** all other allegations.

176. **Admits** the allegations.

177. **Denies** the allegations.

178. **Admits** the allegations.

179. **Admits** the allegations.

180. **Denies** the allegations.

181. **Denies** the allegations.

182. **Denies** the allegations.

183. **Admits** the allegations.

184. **Admits** the allegations.

185. **Admits** the allegations.

186. **Admits** the allegations.

187. **Denies** the allegations.

188. **Alleges** the City researched and investigated a variety of rent-control measures from different municipalities across the country to help craft the best-tailored policy for the City. City **denies** all other allegations.

189. **Denies** the allegations.

190. **Denies** the allegations.

191. **Admits** the allegations.

192. **Denies** the allegations.

193. **Admits** the City of Saint Paul has a population of approximately 311,000 and lacks knowledge or information sufficient to form a basis to either admit or deny the remaining allegations and therefore denies the same.

194. City lacks knowledge or City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 194 and therefore denies the same.

195. **Admits** the allegations.

196. **Admits** that Saint Paul has allocated $635,000 for certain aspects of rent stabilization implementation and **denies** the remaining allegations.

197. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 197 and therefore denies the same.

198. **Admits** the allegations.

199. City **admits** the comments contained a variety of ideas, comments, and criticisms. City **denies** all other allegations.

200. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City denies the allegations to the extent that they are inconsistent with those written comments.

201. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City

denies the allegations to the extent that they are inconsistent with those written comments.

202. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City denies the allegations to the extent that they are inconsistent with those written comments.

203. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City denies the allegations to the extent that they are inconsistent with those written comments.

204. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City denies the allegations to the extent that they are inconsistent with those written comments.

205. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City denies the allegations to the extent that they are inconsistent with those written comments.

206. **Admits** that numerous comments were submitted and are publicly available on the City's website. To the extent Plaintiffs seek to paraphrase or characterize the contents of the written comments, the comments speaks for themselves and the City denies the allegations to the extent that they are inconsistent with those written comments.

207. **Denies** the allegations.

208. **Admits** that Exhibit G is a true and correct copy of DSI's report, but **denies** the remaining allegations**.**.

209. As to Paragraph 209, DSI's report is a written document that speaks for itself and the City denies the accuracy of the characterization of the Report in the Paragraph and each of its subparts.

210. **Admits** the allegations.

211. As to Paragraph 211, the allegations pertain to a linked article that speaks for itself. The City lack knowledge or information sufficient to form a basis to either admit or deny the allegations and therefore denies such allegations.

212. **Denies** the allegations.

213. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 213 and therefore denies such allegations.

214. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 214 or the referenced articles, and therefore denies such allegations.

215. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 215 and therefore denies such allegations.

216. **Denies** the allegations.

217. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 217 and therefore denies such allegations.

218. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 218 or the referenced articles, and therefore denies such allegations.

219. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 219 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

220. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 220 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

221. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 221 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent

Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

222. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 219 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

223. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 223 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

224. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 224 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

225. City lacks knowledge or information sufficient to form a basis to either admit or deny the allegations contained in Paragraph 225 or the referenced article, and therefore denies such allegations. Further, the written article speaks for itself and to the extent Plaintiffs seek to paraphrase or characterize the contents of the article, the City denies the allegations to the extent that they are inconsistent with the written article.

226. **Denies** the allegations.

227. **Denies** the allegations.

228. **Admits** the allegations.

229. **Admits** the allegations.

230. **Admits** the allegations.

231. **Admits** the allegations.

232. Denies the allegations.

233. The allegations made in Paragraph 233 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore denied.

234. **Denies** the allegations.

235. Paragraph 235 contains legal conclusions and other matters that are not susceptible to a responsive pleading. To the extent a response is required, City denies the allegations.

**COUNT I**
**Declaratory Judgment – 28 U.S.C. § 2201**
**Due Process Clause of the**
**United States Constitution and Minnesota Constitutions**
**Against All Defendants**

236. Not applicable.

237. **Denies** the allegations.

238. **Admits** the allegations.

239. **Admits** the allegations.

240. **Denies** the allegations.

241. **Denies** the allegations.

242. **Denies** the allegations.

243. **Denies** the allegations.

244. **Denies** the allegations.

245. **Denies** the allegations.

246. **Denies** the allegations.

247. **Denies** the allegations.

248. **Denies** the allegations.

249. **Denies** the allegations.

250. **Admits** the allegations.

251. **Admits** the allegations.

252. **Admits** property owners must apply for an exception, but **denies** all other allegations.

253. **Alleges** the Ordinance and rules clearly state that property owners must justify certain rental increases. City also **alleges** there are a variety of ways property owners can justify these increases and City **denies** all other allegations.

254. **Denies** the allegations.

255. **Admits** that Saint Paul has approximately 85,000 rental units, but **denies** the remaining allegations.

256. The allegations made in Paragraph 256 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore **denied**.

257. **Denies** the allegations.

258. **Denies** the allegations.

259. **Admits** the Ordinance does not provide timeframes, but denies the remaining allegations.

260. **Denies** the allegations.

261. The allegations made in Paragraph 261 of the Complaint present hypothetical fact situations and legal argument that are not susceptible to admission or denial and they are therefore **denied**.

262. **Denies** the allegations.

263. **Admits** the quoted language is accurate but alleges the Ordinance speaks for itself and **denies** the allegations to the extent that they are inconsistent with the Ordinance.

264. **Denies** the allegations.

265. **Denies** the allegations.

266. **Denies** the allegations.

## COUNT II
**Declaratory Judgment – 28 U.S.C. § 2201**
**Violation of the Fifth Amendment Takings Clause of the**
**United States Constitution**
**Against All Defendants**

267. Not applicable.

268. **Denies** the allegations.

269. **Admits** the allegations.

270. **Denies** the allegations.

271. **Denies** the allegations.

272. **Denies** the allegations.

273. **Denies** the allegations.

274. **Denies** the allegations.

275. **Denies** the allegations.

276. **Denies** the allegations.

277. **Denies** the allegations.

278. **Denies** the allegations.

279. **Denies** the allegations.

280. **Denies** the allegations.

281. **Denies** the allegations.

282. **Denies** the allegations.

283. **Denies** the allegations.

284. **Denies** the allegations.

285. **Denies** the allegations.

286. **Denies** the allegations.

287. **Denies** the allegations.

288. **Denies** the allegations.

289. **Denies** the allegations.

290. **Denies** the allegations.

291. **Denies** the allegations.

292.

**COUNT III**
**Alternative Writ of Mandamus – Minn. Stat. §§ 586 et seq.**
**Violation of Fifth Amendment Takings Clause**
**of the Minnesota Constitution**
**Against All Defendants**

293. Not applicable.

294. **Denies** the allegations.

295. **Admits** the allegations.

296. **Denies** the allegations.

297. **Denies** the allegations.

298. **Denies** the allegations.

299. **Denies** the allegations.

300. **Denies** the allegations.

301. **Denies** the allegations.

302. **Denies** the allegations.

303. **Denies** the allegations.

304. **Denies** the allegations.

305. **Denies** the allegations.

306. **Denies** the allegations.

307. **Denies** the allegations.

308. **Denies** the allegations.

309. **Denies** the allegations.

**COUNT IV**
**Declaratory Judgment – 28 U.S.C. § 2201**
**Violation of the Contracts Clause of the**
**United States Constitution and Minnesota Constitution**
**Against All Defendants**

310. Not applicable.

311. **Denies** the allegations.

312. **Admits** the allegations.

313. **Admits** the allegations.

314. **Denies** the allegations.

315. City lacks knowledge or information sufficient to form a basis to either admit or

deny the allegations contained in Paragraph 314, and therefore denies such allegations.

316. **Denies** the allegations.

317. **Denies** the allegations.

318. **Denies** the allegations.

319. **Denies** the allegations.

320. **Denies** the allegations.

321. **Denies** the allegations.

322. **Denies** the allegations.

323. **Denies** the allegations.

324. **Denies** the allegations.

325. **Denies** the allegations.

**Declaratory Judgment – 28 U.S.C. § 2201**
**The Maximum Allowable Rent Increase violates**
**Article XII, § 5 of the Minnesota Constitution and Minn. Stat. § 471.9996**

326. Not applicable.

327. **Admits** the allegations.

328. **Denies** the allegations.

329. **Admits** the allegations.

330. **Admits** most of the quoted-language provided by the Plaintiffs but **denies** the parenthetical reading, "[The rent control prohibition]" at the beginning of Plaintiffs' quote.

331. **Admits** the allegations.

332. **Admits** the allegations

333. **Admits** the allegations.

334. **Admits** that the quoted language is accurate, alleges that the written Rules speak for themselves and **denies** the remaining allegations to the extent they are inconsistent with the Rules.

335. **Denies** the allegations.

336. **Admits** the quoted language is accurate but **denies** Plaintiffs' interpretation of that language.

337. **Denies** the allegations.

338. **Denies** the allegations.

339. **Denies** the allegations.

340. **Denies** the allegations.

341. **Denies** the allegations.

### COUNT VI
### Claims under 42 U.S.C. § 1983
### The Ordinance violates Plaintiffs' Constitutional Rights
### Against All Defendants

342. Not applicable.

343. **Denies** the allegations.

344. **Denies** the allegations.

345. **Denies** the allegations.

### AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The Complaint fails, in whole or in part, based on the doctrines of waiver, estoppel, and/or laches.

3.     The Complaint fails, in whole or in part, due to lack of jurisdiction, lack of justiciability, lack of standing, and lack of ripeness.

4.     The Complaint is barred in whole or part by the applicable statute of limitations.

5.     Defendant affirmatively alleges that its liability, if any, which it expressly denies, is limited by Minn. Stat. § 466.04.

6.     Defendant affirmatively alleges that it has statutory immunity from liability in this action, established in part under the provisions of Minn. Stat. §§ 466.03, subd. 5; 466.04, subd. 6; 466.03, subd. 7; and 466.03, subd. 10.

7.     Defendant affirmatively alleges that at all times relevant to the Complaint, it is and has been protected by official immunity, vicarious official immunity, legislative immunity; planning-level immunity, and/or statutory immunity.

8.     Defendant denies that its actions were in any way illegal or invalid.

9.     Plaintiffs have failed to exhaust available remedies, including administrative remedies.

10.     If any terms of the Ordinance are invalid, they are severable.

11.     Plaintiffs have not established, nor can they, an entitlement to injunctive or declaratory relief.

12.     Defendant denies that Plaintiffs are entitled to a permanent injunction.

13.     Plaintiffs' alleged damages are too speculative to form a basis for relief through this action.

14.     Plaintiffs have failed to take reasonable action to avoid or mitigate any alleged detriment or damage.

15.     Plaintiffs' claims are barred in whole or in part by the doctrine of qualified immunity.

16.     Plaintiffs did not experience any deprivation of rights under 42 U.S.C. §§ 1983 and 1988, the United States Constitution or the common law of the State of Minnesota arising out of the subject incident.

17.     As a separate affirmative defense to the Complaint, Defendants allege that the claims contained in Plaintiffs' Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent

to which Plaintiffs' claims may be barred by one or more of said affirmative defenses not specifically set forth above, and cannot be determined until Defendants have had an opportunity to complete discovery, Defendants incorporate all said affirmative defenses as if fully set forth herein.

WHEREFORE, the City prays for an Order of this Court as follows:

a.    Dismissing the Plaintiffs' Complaint on its merits and with prejudice.

b.    Awarding the City of Saint Paul all costs and disbursements as allowed by law, including attorneys' fees.

c.    All other and further relief as this Court deems just and equitable.

*Respectfully submitted*,

Dated:  July 8, 2022

LYNDSEY M. OLSON
SAINT PAUL CITY ATTORNEY

*s/ Megan D. Hafner*
Megan D. Hafner, # 293751
Kyle Citta, #0397000
Assistant City Attorneys
*Attorneys for Defendants City of Saint Paul, Minnesota, City Council of the City of Saint Paul; Angie Wiese; and Mayor Melvin Carter*
750 City Hall and Court House
15 West Kellogg Boulevard
Saint Paul, MN 55102
Telephone: (651) 266-8756
Fax: (651) 266-8787
megan.hafner@ci.stpaul.mn.us
kyle.citta@ci.stpaul.mn.us