

August 11, 2022

**JOSEPH W. ANTHONY**
janthony@anthonyostlund.com

The Honorable Nancy E. Brasel
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

*VIA ECF AND EMAIL:*
brasel_chambers@mnd.uscourts.gov

Re: Woodstone Limited Partnership, et al. v. City of St. Paul, et al.
Court File No. 22-CV-1589 NEB-JFD
Our File No. 4959-1

Dear Judge Brasel:

Pursuant to Your Honor's Practice Pointers and Preferences, I am writing on behalf of Plaintiffs to request special permission from the Court to file a motion for partial summary judgment before the discovery deadline. The Court has not entered a Scheduling Order yet, but the parties agreed to a January 31, 2023, discovery deadline in the Rule 26(f) Report they recently filed (Doc. 13). The discovery the parties may take in the coming months will not impact the legal issues that Plaintiffs intend to raise on summary judgment. Thus, there is good cause to hear Plaintiffs' summary judgment early in the case, without waiting for discovery to close.

In our initial Rule 26(f) conference on July 26, Defendants' counsel suggested that the parties jointly approach you to request an early summary judgment hearing. After thinking about Defendants' suggestion, we agreed. We thought it made good sense given the legal issues in this case and the absence of genuine issues of disputed material facts. However, yesterday, Defendants reversed their position and have chosen not to join in this request. Nevertheless, we think Defendants' initial proposal was the right one, and for that reason are asking your permission to proceed with an early summary judgment hearing.

This case is about the constitutionality of St. Paul's recently enacted rent control ordinance (the "Ordinance"). Plaintiffs own residential rental properties in St. Paul. They have challenged the Ordinance on multiple grounds. Some of Plaintiffs' claims can and should be resolved on summary judgment by reviewing the Ordinance itself, rules promulgated under the Ordinance, applicable legal precedent, and undisputed facts that Plaintiffs already have or will soon obtain through targeted Minnesota Government Data Practices Act ("MGDPA") requests that Plaintiffs previously submitted. For example, the following issues are ripe for summary judgment:

- Plaintiffs' claim the Ordinance violates the Due Process Clause because the rent control provisions of the Ordinance are arbitrary and demonstrably irrelevant to their supposed purposes.

90 South 7th Street, Suite 3600
Minneapolis MN 55402
612-349-6969

www.AnthonyOstlund.com

The Honorable Nancy E. Brasel
August 11, 2022
Page 2

- Plaintiffs' claim the Ordinance also violates the Due Process Clause because the Ordinance and its procedural Rules make it inevitable that the City will unreasonably delay decisions on landlord's applications for rent increases, and the City's decisions will be unpredictably, inconsistently and arbitrarily decided.

- Plaintiffs' claim the Ordinance violates the Contracts Clause because the Ordinance substantially impairs landlords' contractual relationships with tenants, and the Ordinance is not drawn in an appropriate and reasonable way to advance its supposed purposes.

- Plaintiffs' claim the Ordinance violates Minn. Stat. § 471.9996, which prohibits rent control in Minnesota except when an ordinance is approved in a general election, because the Ordinance and its Rules include provisions (including a 15% cap on rent increases) that were not approved in a general election.

Plaintiffs respectfully request permission to raise these issues, as well as other discrete issues that Plaintiffs' may identify, in a summary judgment motion filed before the discovery deadline. It is our hope that an early dispositive motion will minimize the Court's case management obligations as well as save the parties considerable time and expense on discovery.

Very truly yours,

ANTHONY OSTLUND LOUWAGIE
DRESSEN & BOYLAN P.A.

*/s Joseph W. Anthony*

**JOSEPH W. ANTHONY**

cc:   All Counsel of Record (via ECF and email)