# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WOODSTONE LIMITED PARTNERSHIP and LOFTS AT FARMERS MARKET LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ST. PAUL, MINNESOTA, CITY COUNCIL OF THE CITY OF ST. PAUL, ANGIE WIESE, in her official capacity as the Director of the Department of Safety and Inspections of the City of St. Paul, MAYOR MELVIN CARTER, in his official capacity as Mayor of the City of St. Paul, and JOHN DOE,<br><br>    Defendants. | Case No. 22-CV-1589 (NEB/JFD)<br><br>ORDER ON MOTION TO INTERVENE |

St. Paul voters adopted a rent-stabilization ordinance in the November 2021 election. The ordinance caps annual rent increases at 3% but permits exceptions to that limit for landlords to earn a reasonable return on their investments. In June 2022, Plaintiffs Woodstone Limited Partnership and Lofts at Farmers Market LLC sued the City of St. Paul and several of its officials ("Defendants"). (ECF No. 1.) Plaintiffs allege that the ordinance violates the United States Constitution and the Minnesota Constitution. (*Id.* at 45–58.) The parties jointly requested permission to file early summary-judgment motions, so the Court ordered a custom discovery and briefing schedule. (ECF Nos. 21, 23.)

Two months later, after the close of discovery and in the middle of the parties' briefing, two St. Paul renters and three non-profit organizations ("Prospective Intervenors") now seek to intervene. (ECF No. 45-1.) The renters—Katherine Banbury and Angela Wilhight—had their rent increased by more than 3% and are challenging those increases through St. Paul's administrative appeal process. (ECF No. 45-2 at 6.) The non-profits—Westside Community Organization, Alliance for Metropolitan Stability, and HOME Line—drafted the ordinance and campaigned for its adoption, and they advise clients about the rights that it provides. (*Id.* at 2–6.) Prospective Intervenors state that St. Paul has abandoned related tenant-protection litigation, so they wish to intervene to ensure that their interests are protected on appeal. (*Id.* at 2.) Prospective Intervenors argue for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure and, in the alternative, permissive intervention under Rule 24(b). (*Id.*)

The Court denies the motion, but it reserves until a later date its decision whether to permit intervention for the limited purpose of appealing the Court's final judgment. "In determining whether intervention should be allowed, either as a matter of right or permission, the threshold question is whether a timely application has been filed." *Arkansas Elec. Energy Consumers v. Middle S. Energy, Inc.*, 772 F.2d 401, 403 (8th Cir. 1985); *see also* Fed. R. Civ. P. 24(a), (b) ("On timely motion . . . ."). Timeliness depends on the circumstances of the case. *Arkansas Elec. Energy Consumers*, 772 F.2d at 403. "Among the considerations that bear on the question of timeliness are how far the litigation had

progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action." *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995).

This case has progressed considerably in the last four months. Before Proposed Intervenors filed their motion, Defendants answered the complaint. (ECF No. 10.) The parties had their Rule 26(f) conference. (ECF No. 13.) They attended a scheduling conference before Magistrate Judge John F. Docherty. (ECF No. 19.) Judge Docherty issued a pretrial scheduling order. (ECF No. 20.) The parties jointly requested the Court's permission to file early summary-judgment motions. (ECF No. 21.) The Court granted the motion and approved a custom, accelerated briefing schedule that permitted each party to file two briefs. (ECF No. 23.) Discovery closed. (*Id.*) And Plaintiffs moved for partial summary judgment. (ECF No. 30.) To permit intervention at this late stage would needlessly prejudice Plaintiffs, requiring the re-opening of discovery and potentially requiring them to revise their initial brief.

Proposed Intervenors' rationales for their delayed filing are lacking, too. Banbury was aware of this lawsuit before October 5. (ECF No. 45-2 at 16.) It is fair to believe the same of the non-profits, even if they did not know about the accelerated briefing timeline. (*See id.*) The organizations have been following developments about the ordinance, explaining that they "have had to focus on even more immediate threats to St. Paul rent

stabilization in form of amendments setting out vary damaging exceptions." (*Id.*) They stress that they have "been inundated with calls from renters." (*Id.*) The Court does not doubt that the non-profits are busy, and it recognizes that they were unaware of the accelerated briefing schedule until early October. (*Id.*) But those are inadequate reasons to re-open discovery and disrupt the summary-judgment timeline midstream, especially because two months have passed since the Court permitted the parties to file early motions. (ECF No. 23); *see Arkansas Elec. Energy Consumers*, 772 F.2d at 403 ("[B]ecause of the expedited nature of the proceedings, a substantial amount of the litigation has been complete during these twelve days.").

The Court denies Proposed Intervenors' request to participate in summary-judgment briefing and oral argument. Proposed Intervenors' primary motivation for intervention is to ensure that their interests are protected on appeal, not summary judgment. (ECF No. 45-2 at 2.) Down the road, the Court will consider any renewed motion for intervention for the limited purpose of appealing an adverse final judgment. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395–96 & 395 n.16 (1977); *In re Grand Jury Proceedings (Malone)*, 655 F.2d 882, 885 n.2 (8th Cir. 1981).

Based on the foregoing and on all the files, records, and proceedings herein, Proposed Intervenors' motion to intervene (ECF No. 45-1) is DENIED, apart from the

Court's reservation of its decision about intervention solely for purposes of an appeal.

Dated: November 14, 2022 　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　United States District Judge