UNITED STATES DISTRIC COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Woodstone Limited Partnership; <br> Lofts at Farmers Market LLC, <br><br> Plaintiffs, <br><br> v. <br><br> City of Saint Paul, Minnesota, a Minnesota Charter City; City Council of the City of Saint Paul; Angie Wiese, in her official capacity as the Director of the Department of Safety and Inspections of the City of Saint Paul; Mayor Melvin Carter, in his official capacity as Mayor of the City of Saint Paul; and John Doe, <br><br> Defendants <br><br> And <br><br> Katherine Banbury, Angela Wilhight, Westside Community Organization, Alliance for Metropolitan Stability, HOME line, <br><br> Defendant-Intervenors | Case No. 22-cv-1589 NEB-JFD <br><br> Memorandum in Support of Motion for Leave to File Memorandum of Amici Katherine Banbury, Westside Community Organization, Alliance for Metropolitan Stability, and HOME Line in support of Defendants' Motion for Summary Judgment |

_____

## INTRODUCTION

Prospective Amici seek leave to submit an Amicus Memorandum, supporting the City's motion for summary judgment, which meets the stringent criteria set out by Judge Posner in *Ryan v. Commodity Futures Trading*

1

*Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997): it does not duplicate arguments made by the City but rather provides unique information and perspective that can help the Court beyond what the lawyers for the parties have provided. In particular, Amici seek to: raise three questions regarding the justiciability of Plaintiffs' claims for summary judgment; add legal support to the City's arguments regarding Plaintiffs' takings and contract clause claims; and add factual support to the City's argument regarding Plaintiffs' substantive due process claim. The proposed Memorandum of Amici is attached.

The attached memorandum was presented to Plaintiffs in a November 23, 2022, email request to confer prior to filing. Plaintiffs responded on November 25, 2022, presenting several arguments that the request to participate as amici is procedurally improper. These arguments are briefly addressed at the end of this Memorandum

### INTEREST OF AMICI

Prospective amicus Katherine Banbury had her rent increased in violation of the Rent Stabilization Ordinance ("the Ordinance") and successfully challenged that increase through the St. Paul administrative appeal process. As a result, her rent, and the rent of the other tenants in her building, were reduced to comply with the Ordinance. Westside Community Organization, HOME Line, and Alliance for Metropolitan Stability are non-profit organizations involved in drafting the

Ordinance, petitioning to get it on the ballot, campaigning for its adoption, and advocating for the right of their clients under the Ordinance.

## ARGUMENT

**Amici seek to provide unique information and perspective that can assist the Court.**

The decision in *Ryan* expressed substantial doubt about the utility of amicus briefs, given their tendency to "duplicate the arguments made in the litigant's brief." *Id*. But it acknowledges that an adversary role such as that proposed by Amici is acceptable and that "an amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the courts." *Id.*; *see also Murphy by Murphy v. Piper*, 2018 WL 2088302 at *12 (D. Minn. 2018) (finding that prospective amicus "offers useful information for the Court" and, as here, represented major stakeholders in the dispute); *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994) (noting that the perspective of subject of dispute "may assist the Court in resolution of the issues raised by the parties"). The attached Memorandum of Prospective Amici avoids duplicating arguments set out by the City and presents additional legal arguments and facts supporting the City's position.

It goes beyond the City's position by raising three justiciability issues not raised by the City: First, the Plaintiffs' substantive due process argument relies substantially on provisions of the Amended Ordinance, which was adopted by the

City several months after the Complaint was filed and which is not effective until January 2023.[1] Further, the Plaintiffs' Proposed Order for declaratory and injunctive relief exclusively addresses the Amended Ordinance. Yet the Plaintiffs have not sought leave to supplement the complaint to address the Amended Ordinance, as required by Fed. R. Civ. P. Rule 15(d).

Second, the Amended Ordinance excludes properties constructed in the last twenty years. §§ 193A.03(q) 193A.08(a)(3). But The Lofts at Farmers Market was "developed and built in approximately 2011-2012." Plaintiffs' Complaint, Par. 68. The Lofts property, therefore, would not be covered by the Amended Ordinance, and it is difficult to see how Plaintiff Lofts at Farmers Market LLC would have standing. In a similar situation, the Court in *Pavek v. Simon*, 2020 WL 1467008 (D. Minn. 2020), granted amicus status because federal courts have "a special obligation to consider whether [they] ha[ve] subject matter jurisdiction in every case" and the amicus brief was the only brief arguing that plaintiffs lacked standing "and accordingly may prove helpful to the Court." *Id.* at *3 (alteration in original) (quotation omitted).

Finally, Plaintiffs' Complaint sets out no facts supporting their standing to assert Count V of their Complaint.

---

[1] At https://stpaul.legistar.com/LegislationDetail.aspx?ID=5741696&GUID=6AF3506E-0278-4800-9DA3-53D150769610&FullText=1

**Response to Plaintiffs' arguments that the request for leave is procedurally improper.**

Plaintiffs' brief written response to an email request by amici, to confer prior to filing, raised three arguments that the request was procedurally improper: the request was untimely, the request improperly included arguments not raised by the parties; and it improperly seeks to add facts to the record.

The decision in *Pavek v. Simon* addresses the first two issues. There, the Court found that the request for leave was filed late in the proceedings but before the close of briefing on the plaintiffs' motion, and raised a standing issue not raised by the parties. *Id*. at *3-4. Leave was nevertheless granted because of the Court's obligation to consider standing issues and the amicus brief included the only argument regarding standing. *Id*. See also, *Teague v. Lane,* 489 U.S. 288, 300 (1989)(addressing issue raised only in an amicus brief, citing *Mapp v. Ohio*, 367 U.S. 643, 646 n, 3 (1961)); *Maricopa-Stanfield Irr. And Drainage Dist. v. U.S.*, 158 F3d 428, 433 (1998)(addressing standing issue raised by amici for the first time on appeal because jurisdictional prerequisite must be considered regardless of whether raised in district court.). The only facts addressed in the prospective Amici's Memorandum are legislative facts, addressing rent control and the loss of affordable housing generally as policy matters, rather than adjudicative facts related to this specific case. Such legislative facts are a common feature of amicus briefs.

## CONCLUSION

Prospective Amici ask the Court for leave to file the attached Memorandum, to provide the Court with additional information and perspective which the Court may find useful.

Dated: November 28, 2022      **HOUSING JUSTICE CENTER**
/s John Cann_____
John Cann (#0174841)
1774 Portland Ave.,
St. Paul, MN 5514
651-645-7378
jcann@hjcmn.org
Margaret Kaplan (#0328601)
382 Banfil Street. St. Paul, MN 55102
612-600-4028
 mkaplan@hjcmn.org

Attorneys for Prospective Amici

## CERTIFICATE OF COMPLAINCE

In compliance with Local Rule 7.1(f)(2), I certify that this memorandum was produced with a 14 point, Times-New Roman font, and contains 943 words and complies with the requirements of LR 7.1(f) and LR 7.1(h).

Dated: November 28, 2022   **HOUSING JUSTICE CENTER**
/s John Cann
John Cann (#0174841)
1774 Portland Ave.,
St. Paul, MN 5514
651-645-7378
jcann@hjcmn.org

Attorney for Prospective Amici