UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Woodstone Limited Partnership; Lofts at Farmers Market LLC,<br><br>Plaintiffs,<br><br>v.<br><br>City of Saint Paul, Minnesota, a Minnesota Charter City; City Council of the City of Saint Paul; Angie Wiese, in her official capacity as the Director of the Department of Safety and Inspections of the City of Saint Paul; Mayor Melvin Carter, in his official capacity as Mayor of the City of Saint Paul; and John Doe,<br><br>Defendants. | Case No. 22-CV-1589 NEB-JFD<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE MEMORANDUM OF AMICI BY KATHERINE BANBURY, WESTSIDE COMMUNITY ORGANIZATION, ALLIANCE FOR METROPOLITAN STABILITY, AND HOME LINE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

On November 14, 2022, the Court entered an Order denying Katherine Banbury, Westside Community Organization, Alliance for Metropolitan Stability, and HOME Line's motion to intervene in this case. (Dkt. #55). The Court explicitly denied their "request to participate in summary-judgment briefing and oral argument." (*Id.* at 4.) Two weeks later, these same four non-parties are asking to file a summary judgment brief again, this time as "amici" instead of intervenors.

The Court should deny their current motion for the same reason it denied their first motion: it is untimely and unfairly prejudicial to Plaintiffs. Actually, the proposed amici's current motion is even more untimely and prejudicial than the first, considering they

missed the deadline to file their current motion by 14 days, and they filed their current motion the same day Plaintiffs filed their last summary judgment brief.

The proposed amici's brief is also unhelpful to the Court. The proposed amici raise arguments that the City did not raise, and they argue about facts, both of which are improper uses of an amicus brief. Thus, the Court should deny the proposed amici's motion and decline to consider their brief.

## ARGUMENT

There is no rule governing motions to file amicus briefs in this Court, but when reviewing these motions, the Court generally considers whether the brief is "timely" and "useful." *Larson v. Allina Health Sys.*, No. 17-CV-3835 (SRN/TNL), 2020 WL 583082, at *2 (D. Minn. Feb. 6, 2020) (denying leave to file amicus brief). The proposed amici's motion fails on both counts.

I.   **The Proposed Amici's Motion is Untimely**

The proposed amici's motion is untimely. In considering a request to file an amicus brief, the Court refers to Federal Rule of Appellate Procedure 29 for guidance. *See Rumble v. Fairview Health Servs.*, 2016 WL 6534407, at *2 (D. Minn. Nov. 3, 2016). Fed. R. App. Proc. 29(a)(6) requires an amicus to file its proposed brief and motion to participate "no later than 7 days after the principal brief of the party being supported is filed." In this case, the proposed amici support the City's cross-motion for summary judgment. The City's principal summary judgment brief was filed November 7, making November 14 the deadline for the proposed amici to file their motion. The proposed amici did not file their motion until November 28 – two weeks late.

2

Moreover, setting aside Fed. R. App. Proc. 29, the Court has already decided it is too late for the proposed amici to participate in the summary judgment arguments. In a November 14 Order, the Court denied a motion to intervene filed by these same non-parties, deciding it was untimely. The Court explained:

> This case has progressed considerably in the last four months. Before Proposed Intervenors filed their motion, Defendants answered the complaint. (ECF No. 10.) The parties had their Rule 26(f) conference. (ECF No. 13.) They attended a scheduling conference before Magistrate Judge John F. Docherty. (ECF No. 19.) Judge Docherty issued a pretrial scheduling order. (ECF No. 20.) The parties jointly requested the Court's permission to file early summary-judgment motions. (ECF No. 21.) The Court granted the motion and approved a custom, accelerated briefing schedule that permitted each party to file two briefs. (ECF No. 23.) Discovery closed. (*Id.*) And Plaintiffs moved for partial summary judgment. (ECF No. 30.) To permit intervention at this late stage would needlessly prejudice Plaintiffs, requiring the re-opening of discovery and potentially requiring them to revise their initial brief.

(Dkt. #55 at 3.) Since the Court entered that Order, Plaintiffs have filed their second and final summary judgment brief, making it even more prejudicial to add a belated non-party brief to the mix.

The proposed amici do not address, much less argue around, the Court's Order denying their prior motion to intervene. The proposed amici ignore the Court's comments, quoted above, about the disruption their late participation would cause. The proposed amici ignore the Court's ruling that they had no excuse (and still have no excuse) for their delay in moving to participate. (*Id.* at 3-4.) And the proposed amici ignore the Court's explicit denial of their "request to participate in summary-judgment briefing and oral argument." (*Id.* at 4.) In short, proposed amici are asking to file an extra

3

summary judgment brief after the Court already denied the proposed amici's "request to participate in summary-judgment briefing."

The decision in *Pavek v. Simon*, 2020 WL 1467008 (D. Minn. Mar. 26, 2020) does not save the proposed amici's untimely motion. In *Pavek*, the plaintiff filed a motion for a temporary injunction. One week after the defendant filed its opposition brief, and one week before the plaintiff filed its reply brief, an amicus filed a motion for leave to file a brief in support of the defendant. *Id.* *2. Unlike the proposed amici in this case, the amicus in *Pavek*: complied with Fed. R. App. P. 29(a)(6) by filing its motion within seven days after the defendant filed its opposition brief, which the amicus supported; filed its motion one week before the close of the plaintiff's briefing; and did not previously file a motion to intervene that was rejected as untimely. By contrast, the proposed amici's motion in this case brazenly disregards both the timing rules and the Court's November 14 Order. The Court should deny the motion as untimely.

## II.     The Proposed Amici's Brief is Not Useful to the Court

Another, independent reason to deny the proposed amici's motion is that their brief is not "useful" to the Court. First, courts do not hear arguments from amici that were not raised by the parties. *Solis v. Summit Contractors, Inc.*, 558 F.3d 815, 826 n.6 (8th Cir. 2009) ("[W]e decline to consider this issue because it was raised to this court by the amici and not by the parties."); *Peltier v. Henman*, 997 F.2d 461, 475 (8th Cir. 1993); *United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 732 (8th Cir. 1986) ("Syntex, as amicus, cannot raise issues not raised by the parties."); *United States v. Bd. of Cnty. Commissioners of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1117 (D.N.M. 2015)

4

("Consistent with this limited role, an amicus may not introduce an issue into a case or seek relief that is not raised or requested by the parties."). But the proposed amici here admit they want raise "three justiciability issues not raised by the City." (Dkt. #58 at 3.) The proposed amici cannot make arguments the City did not make.

Again, the *Pavek* case does not support the proposed amici's participation. In *Pavek*, the amicus raised an issue of standing that impacted the Court's subject matter jurisdiction over the whole case. *Id.* at *3. The Court exercised its discretion to consider this threshold issue. In this case, however, the proposed amici do not raise a jurisdictional issue that would preclude the Court from deciding this case.[1]

The proposed amici first raise a pleading issue that is not jurisdictional and has no impact on the Court's review of the summary judgment motions before it. Specifically, the proposed amici argue that Plaintiffs' Complaint addresses the constitutionality of the Ordinance as originally written, not as recently amended, while the parties' summary judgment arguments address both the original Ordinance and the amended Ordinance. The parties can continue litigating the amended Ordinance based on Plaintiffs' existing

---

[1] The other cases cited by proposed amici are distinguishable for other reasons as well. *See Teague v. Lane*, 489 U.S. 288, 300 (1989) (addressing retroactivity issue raised by amicus because the parties had briefed retroactivity with respect to another claim, and the Court could sua sponte consider retroactivity anyway); *Maricopa-Stanfield Irr. and Drainage Dist. v. U.S.*, 158 F.3d 428, 433 (9th Cir. 1998) (addressing amicus's argument that the plaintiff lacked standing to bring any of its claims); *Murphy by Murphy v. Piper*, 2018 WL 2088302, *7, *12 (D. Minn. May 4, 2018) (amicus filed timely motion to intervene; amicus could provide perspective that current parties could not); *Mausolf v. Babbitt*, 158 F.R.D. 143, 145, 148 (D. Minn. 1994) (no dispute about the timeliness of the amicus motion; amicus had useful perspective that the parties did not have).

Complaint. The liberal pleading rules require only "fair notice" of the nature of Plaintiffs' claims. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting heightened pleading standard for Section 1983 claims). The Complaint provides adequate notice of Plaintiffs' constitutional challenges to the Ordinance. The recent amendments to the Ordinance do not change Plaintiffs' general theories of the case, as pled. Plaintiffs are not required to re-plead their case to include every specific argument Plaintiffs have about the amended Ordinance. *See id.* ("The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In any event, the parties have argued about the amended Ordinance on summary judgment, without any objection from any party about the sufficiency of the pleadings. With their summary judgment arguments, the parties constructively amended Plaintiffs' pleading to include the amended Ordinance as well as the original Ordinance. *See Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.*, 54 F.3d 478, 481 (8th Cir. 1995) ("When issues missing from a complaint are tried by express or implied consent of the parties, 'this consent acts to permit what is in effect a constructive amendment of the pleadings to include those issues.'") (quoting *Walton v. Jennings Comm. Hosp., Inc.*, 875 F.2d 1317, 1321 n.3 (7th Cir. 1989)); *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 623 (8th Cir. 2007) (deciding pleading had been constructively amended when issue was raised in summary judgment briefs); *Hutchins v. Clarke*, 661 F.3d 947, 957 (7th Cir. 2011) ("[W]e are satisfied that the complaint was constructively amended to

include an Open Records Law violation, as the defendants impliedly consented to litigating the issue [by briefing it on summary judgment].").

The proposed amici's second and third arguments address only parts of Plaintiffs' case. The proposed amici challenge one Plaintiff's (Lofts) standing to pursue any claims, but they do not challenge the other Plaintiff's (Woodstone) standing to pursue its constitutional and Section 1983 claims. Even if the proposed amici's arguments were valid (they are not), none of them would be dispositive. There is no dispute that the Court has jurisdiction over Plaintiffs' claims that the Ordinance is unconstitutional.

The proposed amici's remaining arguments either repeat the City's points or focus on (and expand) the factual record. Courts do not welcome amici who argue about facts. *Flaws v. Akal Sec., Inc.*, No. 19-06140-CV-SJ-GAF, 2020 WL 3317611, at *1 (W.D. Mo. June 18, 2020) (rejecting amicus); *COR Clearing, LLC v. Calissio Res. Grp., Inc.*, No. 8:15CV317, 2015 WL 6604010, at *2 (D. Neb. Oct. 29, 2015) (same). The proposed amici's arguments about the facts have no place here.

## CONCLUSION

The Court should deny the proposed amici's motion and decline to consider their proposed amicus brief.

Dated: December 5, 2022                **ANTHONY OSTLUND LOUWAGIE DRESSEN & BOYLAN P.A.**

*s/ Philip J. Kaplan*
Joseph W. Anthony (#2872)
janthony@anthonyostlund.com
Philip J. Kaplan (#389351)
pkaplan@anthonyostlund.com
Kathryn E. Campbell (#402631)
kcampbell@anthonyostund.com
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 349-6969

**ATTORNEYS FOR PLAINTIFFS**