UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WOODSTONE LIMITED PARTNERSHIP and LOFTS AT FARMERS MARKET LLC, | Case No. 22-CV-1589 (NEB/JFD) |
| Plaintiffs, | ORDER GRANTING MOTION TO FILE AMICUS MEMORANDUM |
| v. | |
| CITY OF SAINT PAUL, MINNESOTA, CITY COUNCIL OF THE CITY OF SAINT PAUL, ANGIE WIESE, in her official capacity as the Director of the Department of Safety and Inspections of the City of Saint Paul, MAYOR MELVIN CARTER, in his official capacity as Mayor of the City of Saint Paul, and JOHN DOE, | |
| Defendants. | |

Katherine Banbury, Westside Community Organization, Alliance for Metropolitan Stability, and HOME Line ("Prospective Amici") move for an order granting them leave to file an *amicus* memorandum in support of Defendants' motion for summary judgment in the above-captioned case. (ECF No. 57.) Plaintiffs Woodstone Limited Partnership and Lofts at Farmers Market LLC argue that the proposed *amicus* memorandum is untimely and duplicative. (ECF No. 67.) For the reasons below, the Court grants the motion.

There is no formal standard by which to evaluate whether to grant a motion for leave to file an *amicus* memorandum. "The amicus privilege rests in the discretion of the

court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014) (citation omitted).

On usefulness, Prospective Amici raise at least one justiciability issue not briefed by Defendants, which courts have an obligation to consider *sua sponte*. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). They also detail facts that the Court may find helpful as it considers the parties' pending motions for summary judgment. On timeliness, the Court acknowledges that Prospective Amici's motion was filed late. Rule 29(a)(6) of the Federal Rules of Appellate Procedure requires an *amicus* to file its memorandum "no later than 7 days after the principal brief of the party being supported is filed." That deadline has passed. But Rule 29 is not binding on this Court. *See Richland/Wilkin*, 38 F. Supp. 3d at 1055. On balance, the Court concludes that the usefulness of the *amicus* memorandum outweighs its untimeliness. The Court will take the Prospective Amici's memorandum under advisement as it considers the parties' motions for summary judgment.

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Motion for Leave to File Amicus Memorandum by Katherine Banbury, Westside Community Organization, Alliance for Metropolitan Stability, and HOME Line (ECF No. 57) is GRANTED; and

3

2. Prospective Amici shall enjoy *amicus curiae* status herein, and the Court shall accept Prospective Amici's proposed *amicus* memorandum (ECF No. 57-1) in support of Defendants' pending motion for summary judgment.

Dated: January 5, 2023					BY THE COURT:

							s/Nancy E. Brasel
							Nancy E. Brasel
							United States District Judge